**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE WACHOVIA PREFERRED SECURITIES AND
BOND/NOTES LITIGATION

Master File No. 09 Civ. 6351
(RJS)

ECF CASE

**PROTECTIVE ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/21/11

<u>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**</u>

To protect confidential, personal, business and trade secret information consistent with the public's right of access to the Court's records and processes, the Court hereby enters the following Stipulation and Protective Order (the "Order") pursuant to Fed. R. Civ. P. 26(c), which binds Lead Plaintiffs and KPMG LLP[1] in *In re Wachovia Preferred Securities & Bond/Notes Litigation* 09 Civ. 6351 (RJS) (the "Action"):

**I.   <u>Information That May Be Designated Confidential</u>**

1.        The term "Information" as used herein shall include any document as that term is defined in Local Rule 26.3 including, without limitation, electronic or computerized data compilations, deposition testimony, deposition exhibits, interrogatory response, response to requests for admission or any other material or information disclosed or produced by or on behalf of a Party (or any of its attorneys or agents), or by or on behalf of a non-party (or any of its attorneys or other agents), and all information derived therefrom.

2.        "Confidential" Information is Information that the Producing Party reasonably and in good faith believes contains any non-public trade secrets or other confidential research,

---

[1]   The term "Party" or "Parties" as used herein refers to KPMG LLP and the Lead Plaintiffs.

1

development or commercial information (including customer information) that may be subject to a protective order under Fed. R. Civ. P. 26(c)(1)(G), or otherwise contains information that is non-public and proprietary or sensitive from a commercial and financial perspective.

        3.         Any copies or reproductions, excerpts, summaries or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information shall also be treated as Confidential Information pursuant to this Order.

## II.    Designation of Discovery Materials as Confidential

        4.         Information may be designated by any Party that has produced such Information ("Producing Person") as "Confidential" within the meaning of this Order. "Producing Person" shall include the Parties and any non-parties as to whom Lead Plaintiffs have provided the consents described in Paragraph 5, including their officers, directors, and employees.

        5.         A non-party from whom Information is sought by the Parties may designate Information as "Confidential" consistent with the terms of this Order, to the extent that Lead Plaintiffs consent in advance and in writing to extend the benefits of the terms of this agreement and Order to such non-party.  Under such circumstances, Information designated "Confidential" by such non-party is assigned the same protection as Information designated by a Party, and all duties applicable to a Party shall apply to such non-party designating materials or Information "Confidential."  All obligations applicable to a Party receiving such Information from another Party shall apply to any Party receiving such Information from a non-party as to whom Lead Plaintiffs have provided the consents described in the first sentence of this paragraph.

6.          Information shall be designated "Confidential" only if the Producing Person has a reasonable, good faith belief that the Information so designated is confidential within the meaning of Fed. R. Civ. P. 26(c) and/or as further defined herein.

7.          Any Information that is to be designated "Confidential" may be so designated by the Producing Person by (i) providing copies of the Information so designated, stamped or electronically tagged with the legend "CONFIDENTIAL." Information stamped or designated "CONFIDENTIAL," including Information produced in prior litigation bearing such stamp or designation (or any similar designation) and subsequently made available in this Action, shall be treated as Confidential for the purposes of this Order.  To the extent a Producing Person makes documents available for inspection and copying prior to affixing (by stamping or electronically tagging) a confidentiality designation to the documents produced, such materials shall nonetheless be treated as Confidential until such time as an appropriate confidentiality designation is affixed to them in accordance with this Order (at the Producing Person's expense), provided that such documents are otherwise clearly identified at the time they are produced (e.g., by descriptive cover letter) as being subject to Confidential treatment under the terms of this Stipulation and Order.

8.          If Confidential Information is disclosed to any person in violation of this Order, the Party or non-party responsible for the disclosure shall, upon learning of such disclosure, immediately (but in no event more than five business days after learning of such disclosure) inform the Producing Person of all pertinent facts relating to such disclosure and shall make every reasonable effort to retrieve the designated material and to prevent the occurrence of any further disclosure in violation of this Order.

3

9.      Failure to designate any Information as Confidential shall not be deemed a waiver of the Producing Person's claim of confidentiality or other applicable privilege as to such Information or as to the subject matter of such information, and the Producing Person may thereafter designate such information as Confidential as appropriate.

10.      In the event that a Producing Person produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated Confidential while other copies are not so designated, all such identical or substantially identical documents or other Information shall be treated as Confidential once notice is given of the inconsistent designation.   The Producing Person shall be responsible for giving notice of the inconsistent designation.

11.      Deposition or interview testimony and the transcripts and video recordings of depositions or interviews of Producing Persons shall be treated as Confidential for a period of 30 days, or for as many days as the Parties shall agree, after receipt of such transcript and/or video recordings to allow time for any deponent who is a Producing Person (or counsel for that deponent), to notify all Parties of any Confidential Information.   Such Confidential Information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order.   Such Confidential Information may also be designated at such deposition or interview by making a statement for inclusion in the transcripts.

**III.     Procedures Concerning Inadvertent Disclosure**

12.      Subject to the provisions of paragraph 13 below, inadvertent disclosure of any Information shall not be deemed a waiver of the Producing Person's claim of confidentiality or other applicable privilege as to such Information or as to the subject matter of such Information.

13.      Inadvertent disclosure of any Information that a Party or a Producing Person later claims should have been withheld on grounds of a privilege, *inter alia,* including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Disclosed Information"), will not be deemed to waive any privilege or work product protection as to the Information itself or the subject matter of that Information.   The procedure for handling Inadvertently Disclosed Information shall be as follows:

a.  A Party or other Producing Person may request the return of Inadvertently Disclosed Information by giving notice to each Party to which it produced such Information identifying such Information and stating the basis for designating such Information Confidential or privileged ("Notice of Recall").

b.  A Party or other Producing Person shall issue its Notice of Recall within ten business days of discovery of the inadvertent disclosure.

c.  In the event that only part of the Inadvertently Disclosed Information is claimed to be privileged or protected, the Party or other Producing Person asserting inadvertent disclosure shall furnish to the Parties to which it produced the Inadvertently Disclosed Information a redacted copy of such information, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

d.  Upon receipt of the Notice of Recall, a Party shall use reasonable efforts to promptly destroy or return to the Party or other Producing Party asserting inadvertent disclosure all copies of the Inadvertently Disclosed Information and refrain from reviewing the same for any purpose.  All electronic copies maintained on a database shall be rendered unviewable pending the resolution of any dispute as

5

to the recalled documents. If a receiving Party has already disclosed the Inadvertently Disclosed Information, that receiving Party must take reasonable efforts to retrieve all copies of the Inadvertently Disclosed Information and either destroy or return to the Party or non-party asserting inadvertent disclosure the Inadvertently Disclosed Information.   Notwithstanding the foregoing, if the receiving Party intends to contest that the Inadvertently Disclosed Information is privileged or otherwise protected, the receiving Party may sequester the Inadvertently Disclosed Information and, consistent with the requirements set forth in ¶ 30, may present the Inadvertently Disclosed Information to the Court under seal for a determination as provided for in ¶ 13(g).

e. Within fifteen business days of receipt of the Notice of Recall, a Party contesting application of the privilege must give written notice to the Producing Person that the Party is contesting privilege.

f. Within fifteen business days of giving notice that the Party is contesting privilege or some other date as may be mutually agreed upon between the Parties and any relevant Producing Person, the Parties and any relevant Producing Person shall meet and confer regarding the privilege claim.

g. If, after compliance with the foregoing steps (a) through (f), a Party contesting application of the privilege concludes that it still disputes the validity of the claim of privilege, it may bring the matter to the Court's attention under Local Civil Rule 37.2 within (i) 30 days after the Parties' (and any relevant Producing person) meet and confer; or (ii) 30 days after a Party's request for a meet and confer, in the case that the meet and confer does not timely occur; or (iii) such other

time period as to which the applicable Parties and any relevant Producing Person have agreed in writing; or (iv) such time required pursuant to a court order.

h.  If the recall of the Inadvertently Disclosed Information is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel, defending counsel and counsel for the Producing Person shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances.  In the event the Parties (and any relevant Producing Person) cannot agree to the appropriate steps under the circumstances, the Inadvertently Disclosed Information shall not be used at the deposition.  In the event that the claim of privilege is withdrawn or the Court determines the Inadvertently Disclosed Information to not be subject to a valid claim of privilege after the deposition has concluded, examining counsel may reopen the deposition.

i.  The terms of this Paragraph shall not be deemed a waiver of a Party's right to challenge the Producing Person's designation of Information as privileged. Additionally, neither inadvertent disclosure of any Information that is subsequently retrieved pursuant to this Paragraph nor any alleged delay or alleged lack of timeliness in the retrieval shall be deemed to be a waiver of, or estoppel as to, any claim of privilege or right to designate the Information Confidential asserted by the Producing Person.

j.  If a request for an informal conference pursuant to Local Civil Rule 37.2 has either been denied or the discovery dispute has not been resolved as a consequence of such conference, no Party moving the Court for an Order

7

compelling production of the material shall assert as ground for entering such an Order that the Producing Person waived any privilege or the right to designate the Information Confidential because of the inadvertent disclosure.

14.     A Party or other Producing Person that has inadvertently produced Confidential Information without designating it as Confidential may at any time prior to fact discovery cutoff in this Action (should one be imposed) redesignate such Information as Confidential.  The Party receiving such redesignated Confidential Information shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes, or other material that were generated based upon such Information shall immediately be treated in conformity with any such redesignation.  Persons who obtain access to such Information prior to its redesignation shall, from the time of notice to them of the Information's redesignation, restrict their review or use of that Information in accordance with the higher protection level.

## IV.     Permissible Uses of Discovery

15.     All information, whether designated Confidential or not, that is produced by the Parties or any other Producing Person in the course of this Action, other than information that is publicly available shall be used by the Party or Parties to whom the information is produced solely for the purpose of this Action (including any documents voluntarily produced by Producing Party prior to commencement of formal discovery, and including but not limited to any Information provided in connection with "initial disclosures" pursuant to Fed. Rule Civ. Proc. 26(a)).

16.     Notwithstanding any other provision in this Stipulation and Order to the contrary, nothing herein shall impose any restrictions on the use or disclosure by a Party, non-party or witness of documents, materials or information obtained by such Party, non-party or

witness independently of the proceedings in this Action, whether or not such documents, material or information are also obtained through proceedings in this Action.

17.     Confidential Information, except with the prior consent of the Producing Person or upon prior order of this Court, shall not be disclosed by any Party to any person other than the following:

a.  Named individual Parties and representatives of the named entity Parties responsible for overseeing the Litigation to whom disclosure is reasonably necessary for the litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

b.  the Court and any appellate court, and any mediator or arbitrator engaged by the Parties or appointed by the Court;

c.  outside counsel for the Parties, regardless of whether they appear, and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel for the Parties in this litigation;

d.  outside experts and/or consultants who are not Parties or employees of any Party (nor known to the engaging Party to have accepted an offer to become an employee of a Party), and who are expressly retained to assist counsel for a Party (collectively "Outside Litigation Assistants"), and provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as "Confidential" by the Party responsible for having such report created;

e. litigation support vendors and copy services, data entry, and computer support services retained by a Party in connection with this Litigation, but only to

the extent disclosure to such vendors is reasonably necessary to a Party's rendering of professional services in this Litigation;

f.   associated personnel of any person within categories (a) – (c) for whom access to Confidential Information is necessary to assist such persons in this Action, including any Court personnel assisting the Court in this Action, secretarial or other clerical personnel, stenographers, court reporters, videographers or other person who are retained to transcribe or videotape testimony in this Action, and principals and employees of the firm with which consultants or experts are associated;

g.  any person who wrote or received the document designated "Confidential;"

h.   during their depositions or interviews or at a hearing, witnesses in this Action, consistent with the provisions of Paragraph 19 below;

i.   a Party's insurance carrier;

j.   a potential witness, whose deposition has been noticed or whose interview has been agreed to, who signs the Certification in the form attached hereto as Exhibit A ("Certification").

k.   in-house counsel and legal assistants and other support personnel assisting in-house counsel in this litigation.  Parties that do not employ in-house counsel may each designate up to five officers, directors or employees in the place of in-house counsel pursuant to this provision.  No Party shall disclose confidential information to a designated non-legal staff person pursuant to this paragraph until the proposed recipient has executed a confidentiality agreement in accordance with the procedures set forth in Paragraph 19; and

10

l.  if the Party is an individual, such individual.

18.        Notwithstanding the provisions in paragraph 17 above, Confidential Information may be disclosed to any current employee of the Producing Person producing such Information.

19.        Subject to the terms of this order and the Federal Rules of Civil Procedure, any Party may use Confidential Information in the course of a deposition or hearing provided that, prior to any examination of a witness with respect to such Confidential Information, the witness is furnished with a copy of this Order.  Counsel for each Party representing a deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain their execution of the Certification in the form attached as Exhibit A ("Certification") to the Order.  Witnesses not represented by a Party's counsel shall be provided with a copy of this Order together with any deposition subpoena issued to such witness if Confidential Information will be disclosed to the witness during the deposition, and, prior to the examination of such witness, the witness shall be advised on the record that Confidential Information that may be disclosed to the witness during the course of the examination is subject to a Protective Order issued by the Court, and may not be disclosed to anyone except in the limited circumstances expressly provided for in the Protective Order.  If a witness refuses to execute a copy of the Certification, the admonition in the immediately preceding sentence shall serve as a substitute for the execution of the Certification, and shall be sufficient to allow for examination of the witness as to Confidential documents and information.

20.        In addition to persons identified in paragraphs 17 and 18 and as provided therein, counsel for a Party may disclose Confidential Information to a witness whose deposition has been noticed, outside of a deposition, provided counsel has obtained an executed

11

Certification.  However, counsel need not obtain a certification or consent if (i) the person is an author or recipient of the Confidential Information; or (ii) the person is a former employee of the Producing Person and is known to have had prior knowledge of the specific document containing the Confidential Information to be disclosed.

21.     Persons described in paragraph 17(c) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court.  A Party disclosing Confidential Information to an outside expert or consultant must first: (i) advise the recipient that the Information is Confidential and may only be used in connection with this or related litigation; and (ii) provide the recipient with a copy of this Order; and (iii) obtain the recipient's execution of a signed Certification.

22.     Nothing in this Order shall prevent any counsel from advising his or her client concerning this Action and, in the course of providing such advice, from referring to Confidential Information, so long as he or she does not disclose its specific contents.

23.     Nothing in this Order shall prevent a Producing Person from using the Confidential Information that they produced in any way that they so choose.

## V.     Challenges to Confidential Designations

24.     Executed Certifications shall not be discoverable by the Parties, except where a Party reasonably believes in good faith that there may have been a violation of this Order.

25.     If any Party disagrees with the designation by the Producing Person of any Information as Confidential, the disputing Party may seek appropriate relief by motion under the Court's Individual practices for discovery disputes.  Until the dispute is resolved, the material shall be treated consistent with the protocol set forth in Paragraph 13(g) of this Order.  The Producing Person bears the burden of persuading the Court that the Information is in fact

Confidential within the definition of that term set forth above. Information shall not be entitled to a Confidential designation where such material was in the public domain at the time of, or has become public since, its designation, so long as the Information did not become public in violation of this Order. Nothing in this Order precludes any Party from challenging a confidentiality designation on any other ground.

## VI.    Efforts by Non-Parties to Obtain Confidential Information

26.    If any Party has obtained Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential Information, except as otherwise provided by law, such Party shall notify the Producing Person as soon as practicable but in no event later than two business days following receipt of the subpoena or other compulsory process, including in such notice the date set for the production of such Information (and include, together with such notice, a copy of the subpoena or other compulsory process), so that the Producing Person may file a motion for a protective order to quash the subpoena or other compulsory process. In the event that the Producing Person files such a motion, the Party that received the subpoena or other compulsory process shall not produce any Confidential Information in response thereto without the prior written consent of the Producing Person, unless in response to an order of a court of competent jurisdiction.

27.    Except as otherwise provided by law, the Parties will not object to the Producing Person having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

13

## VII.   **Procedures Concerning Third-Party Materials**

28.     To the extent a Party or other Producing Person is required to produce Information that was initially produced in a prior litigation subject to a confidentiality Order or that is otherwise covered by a binding and preexisting non-disclosure agreement pursuant to which consent to production must be obtained ("Third-Party Materials"), and notice must be given prior to production of such Third-Party Materials, the Producing Person must, within 20 days of becoming aware that a discovery request hereinafter served seeks production of Third-Party Materials, initiate the steps necessary to comply with any pre-production notice requirements imposed by any protective order in a prior litigation and/or any other notice obligations ("Third-Party Notice Requirements").  Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third-Party Materials, the Producing Person shall promptly re-produce such Third-Party Materials.  The Parties reserve all rights to invoke this Court's jurisdiction in this litigation to resolve any issues relating to third parties' rights in the production of this material.

29.     In the event that a Producing Person inadvertently discloses Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Disclosed Third-Party Materials"), the Producing Person may request the return of the Inadvertently Disclosed Third-Party Materials, and the possessing Parties shall, within five business days, use reasonable efforts to return or destroy such Inadvertently Disclosed Third-Party Materials.  In the event that a possessing Party expects to move for an order allowing continued retention and use of the recalled Inadvertently Disclosed Third-Party Materials, the possessing Party may retain one copy of such materials, solely for use in connection with such a motion.  Promptly after discovering its production of Inadvertently Disclosed Third-Party

14

Materials, the Producing Person shall comply within any applicable Third-Party Notice Requirements.

## VIII.  Filing Under Seal

30.     All Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures:

        a.     Where possible, only Confidential portions of filings with the Court shall be filed under seal.  Documents or other materials filed under seal shall be placed in sealed envelopes, on which shall be the title to the applicable action(s), the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court.  Any envelope containing documents or other materials filed under seal that is an exhibit to a pleading shall also bear the name of the pleading.  Where documents or other materials filed under seal are transmitted between the Parties by facsimile, the above message shall be placed on the facsimile cover sheet or on a sheet directly following the facsimile cover sheet.  A full and unredacted copy of any such submissions may be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential Information Subject to Protective Order."

        b.     If any Party objects to identified portions of the documents or other materials remaining under seal, it shall, within ten business days of filing of the documents or other materials, state its objections in a faxed letter to counsel for all

Parties.  The interested Parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution.  In any such judicial proceeding, the Party seeking to maintain the documents or other Information under seal shall bear the burden of persuading the Court that the Information warrants remaining under seal.

       c.     Confidential Information filed with an appellate court shall be filed in conformance with that court's rules for filing documents under seal.

## IX.    Procedures Upon Termination of Action

     31.     All provisions of this Order restricting the use of Information shall continue to be binding after the conclusion of this Action, including settlement or judgment and all appeals, until further order of the Court, unless the Parties agree otherwise in writing, and except to the extent necessary for counsel to defend its conduct if such conduct is challenged in a collateral or pending action.  Any and all originals and copies of documents or other Information deemed to be Confidential shall be destroyed or (at the expense of the Producing Person) be returned to the Producing Person, within 60 days after a final judgment and all appeals herein, or entry of a final order of approval of settlement of this Action except that outside counsel for each Party (whether or not counsel of record) may maintain in its files copies of each pleading and  litigation document filed with the Court, each written discovery request and written response thereto (but not Confidential Information produced in response to a request for production of documents, which must be returned to the Producing Person or destroyed in accordance with the procedure identified elsewhere in this Paragraph), and deposition testimony.  If the possessing Party elects to destroy the Information rather than return it, the possessing Party shall, upon the request of the Producing Person, provide the Producing Person written certification that the destruction has

been completed using commercially reasonable efforts.  Nothing in this Paragraph shall require any Party to destroy attorney work product or attorney-client communication that contains or reflects Confidential Information.  Nothing in this provision shall limit the right, if any, of any Party or other Producing Person to object to, and seek a ruling of the Court concerning, such Party's or Person's retention of any Confidential Information produced.  To the extent any person or entity retains copies of Confidential Information pursuant to the terms of this Paragraph, such Information shall continue to be subject to the protections provided by this Order.  In addition, all restrictions in this Order regarding the use by any person or entity of anything contained in or obtained from the Information shall continue even after such Information is returned or destroyed.

## X.    **Miscellaneous**

32.    The Parties' expressly agree and acknowledge that any party may seek to modify the terms of this Order by motion and upon such notice as permitted by the applicable rules of Court.  The Parties further acknowledge that modifications to this Stipulation and Order will likely be necessary to provide new or different procedures with respect to Confidential Information that may be sought to be introduced at trial, and that absent agreement amongst the Parties hereto concerning such new or different procedures, any Party on motion may seek to impose, or the Court on its own motion may impose, such new or different procedures as the Court may deem just and proper with respect to the treatment and use of Confidential Information at trial.

33.    This Order shall not affect or be deemed to be relevant to the appropriate scope of discovery by any Party under the Federal Rules of Civil Procedure.

34.    The signatories to this Order may modify the provisions of the Order at any time by written stipulation and court order, except the Parties and Producing Persons may extend any of the time limits contained herein by written agreement.

35.    Entering into, agreeing to and/or producing or receiving Confidential Information pursuant to, or otherwise complying with the terms of this Protective Order shall not:

    A. operate as an admission by any Party or Producing Person that any particular Confidential Information contains or reflects trade secrets or any other type of confidential information;

    B. prejudice in any way the rights of the Parties or Producing Persons to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information;

    C. prejudice in any way the rights of any Party or Producing Person to object to the relevancy, authenticity, or admissibility into evidence of any document, testimony or other evidence subject to this Order;

    D. prejudice in any way the rights of a Party or Producing Person to seek a determination by the Court whether any Information, whether Confidential or not, should be subject to the terms of this Order;

    E. prejudice in any way the rights of a Party or Producing Person to petition the Court for a further protective order relating to any purportedly confidential information;

    F. prejudice the right of any Party or Producing Person to move the Court to broaden or restrict the rights of access to and use of particular Information;

    G. prevent the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Information; or

    H. be construed as an agreement by any person or entity to produce or supply any document, or as a waiver by any person or entity of his/its right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

18

SO ORDERED.
Date: 7/21/11   RICHARD J. SULLIVAN
U.S.D.J.

| | |
|---|---|
| William C. Fredericks<br>Chad Johnson<br>Kurt Hunciker<br>John Rizio-Hamilton<br>Jeroen van Kwawegen<br>**BERNSTEIN LITOWITZ BERGER &<br>GROSSMANN LLP**<br>1285 Avenue of the Americas, 38th Floor New<br>York, New York 10019<br>Tel: 212-554-1400<br>Fax: 212-554-1444<br>Chad@blbglaw.com<br>Bill@blbglaw.com<br>Kurt@blbglaw.com<br>Johnr@blbglaw.com<br>Jeroen@blbglaw.com<br><br>*Co-Lead Counsel for Plaintiffs* | John K. Villa<br>Steven M. Farina<br>Emmet T. Flood<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Tel. (202) 434-5000<br>Fax (202) 434-5029<br>jvilla@wc.com<br>sfarina@wc.com<br>eflood@wc.com<br><br>*Counsel for KPMG LLP* |
| Darren J. Robbins<br>John J. Rice<br>Lucas F. Olts<br>Maureen E. Mueller<br>**ROBBINS GELLER RUDMAN &<br>DOWD, LLP**<br>65 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Tel: 619-231-1058<br><br>*Co-Lead Counsel for Plaintiffs* | David Kessler<br>John A. Kehoe<br>Christopher L. Nelson<br>John J. Gross<br>**KESSLER TOPAZ<br>MELTZER & CHECK, LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel: 610-667-7706<br><br>*Co-Lead Counsel for Plaintiffs* |

_Sunt T Flood_

| | |
|---|---|
| William C. Fredericks<br>Chad Johnson<br>Kurt Hunciker<br>John Rizio-Hamilton<br>Jeroen van Kwawegen<br>**BERNSTEIN LITOWITZ BERGER &**<br>**GROSSMANN LLP**<br>1285 Avenue of the Americas, 38th Floor New York, New York 10019<br>Tel: 212-554-1400<br>Fax: 212-554-1444<br>Chad@blbglaw.com<br>Bill@blbglaw.com<br>Kurt@blbglaw.com<br>Johnr@blbglaw.com<br>Jeroen@blbglaw.com<br><br>_Co-Lead Counsel for Plaintiffs_ | John K. Villa<br>Steven M. Farina<br>Emmet T. Flood<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Tel. (202) 434-5000<br>Fax (202) 434-5029<br>jvilla@wc.com<br>sfarina@wc.com<br>eflood@wc.com<br><br>_Counsel for KPMG LLP_ |
| Darren J. Robbins<br>John J. Rice<br>Lucas F. Olts<br>Maureen E. Mueller<br>**ROBBINS GELLER RUDMAN &**<br>**DOWD, LLP**<br>65 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Tel: 619-231-1058<br><br>_Co-Lead Counsel for Plaintiffs_ | David Kessler<br>John A. Kehoe<br>Christopher L. Nelson<br>John J. Gross<br>**KESSLER TOPAZ**<br>**MELTZER & CHECK, LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel: 610-667-7706<br><br>_Co-Lead Counsel for Plaintiffs_ |

19

_Emmet T Flood_

---
William C. Fredericks
Chad Johnson
Kurt Hunciker
John Rizio-Hamilton
Jeroen van Kwawegen
**BERNSTEIN LITOWITZ BERGER &**
**GROSSMANN LLP**
1285 Avenue of the Americas, 38th Floor New
York, New York 10019
Tel: 212-554-1400
Fax: 212-554-1444
Chad@blbglaw.com
Bill@blbglaw.com
Kurt@blbglaw.com
Johnr@blbglaw.com
Jeroen@blbglaw.com

*Co-Lead Counsel for Plaintiffs*

---
John K. Villa
Steven M. Farina
Emmet T. Flood
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Tel. (202) 434-5000
Fax (202) 434-5029
jvilla@wc.com
sfarina@wc.com
eflood@wc.com

*Counsel for KPMG LLP*

---
Darren J. Robbins
John J. Rice
Lucas F. Olts
Maureen E. Mueller
**ROBBINS GELLER RUDMAN &**
**DOWD, LLP**
65 West Broadway, Suite 1900
San Diego, CA 92101
Tel: 619-231-1058

*Co-Lead Counsel for Plaintiffs*

---
David Kessler
John A. Kehoe
Christopher L. Nelson
John J. Gross
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: 610-667-7706

*Co-Lead Counsel for Plaintiffs*

19

SO ORDERED:

_____

HON. RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
     _____, 2011

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE WACHOVIA PREFERRED SECURITIES AND BOND/NOTES LITIGATION | Master File No. 09 Civ. 6351 (RJS)<br><br>ECF CASE<br><br>**CERTIFICATION** |

        I, _____ hereby certify that: (i) I have read the Protective Order governing Confidential Material (the "Order") that has been agreed to by Lead Plaintiffs and KPMG LLP and entered by the Court in *In re Wachovia Preferred Securities & Bond/Notes Litigation* 09 Civ. 6351 (RJS) (the "Action"), and I understand its terms; (ii) I understand that Confidential Material may be provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of material designated as Confidential under the Order and limiting the use of such material to the conduct of this Action; and (iv) I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Order.

Dated:                      Signature: _____

21